UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ARTHUR BRIDGES, JR.,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

File No. 1:08-CV-569

HON. ROBERT HOLMES BELL

**O P I N I O N**

This matter is before the Court on Movant John Arthur Bridges, Jr.'s motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court. (Dkt. No. 1.) The government has filed a motion to dismiss Movant's § 2255 motion. (Dkt. No. 4.) For the reasons that follow, the government's motion to dismiss will be granted, and Movant's § 2255 motion will be denied.

**I.**

Movant was indicted on January 25, 2007, for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (File No. 1:07-CR-18, Dkt. No. 1.) Movant pleaded guilty on March 2, 2007, pursuant to a written plea agreement in which he agreed to waive the right to challenge his sentence, for any reason, by collateral attack. (*Id.*, Dkt. No. 19.) On June 8, 2007, this Court sentenced Movant to eighty-four months of incarceration and three years of supervised release. (*Id.*, Dkt. No. 25.) Movant did not

appeal his conviction or sentence, and filed his § 2255 motion on June 16, 2008. (Dkt. No. 1.) The government filed a motion to dismiss Movant's § 2255 motion on December 3, 2008. (Dkt. No. 4.)

## II.

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either: (1) "cause" and "actual prejudice"; or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject

2

to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal. *Id.*

A court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b).

### III.

Movant seeks relief based on three distinct grounds: (1) the sentencing court erroneously applied Movant's criminal history points; (2) counsel was ineffective for failing to raise a Sixth Amendment challenge at sentencing; (3) the sentencing court erroneously applied a four-level enhancement for possession of a firearm during the commission of a felony. (Dkt. No. 1.)

The Court must first address whether Movant's § 2255 motion is barred by his plea agreement. "A defendant may waive any right in a plea agreement, including a constitutional right, if the waiver is made knowingly and voluntarily." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). The Sixth Circuit has held, in particular, that a movant's waiver by plea agreement of his right to collaterally attack his sentence is generally enforceable. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). However, waiver of collateral attack may be unenforceable "in cases where a defendant argues that his plea was not knowing or voluntary,

3

or was the product of ineffective assistance of counsel" because:

> [I]t would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself.

*Id.*

In paragraph ten of his plea agreement, Movant agreed to waive the right "to challenge [his] sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28 United States Code, § 2255." (File No. 1:07-CR-18, Dkt. No. 14.) At his plea hearing before the Magistrate Judge, Movant stated under oath that he understood that he was waiving his right of collateral attack:

> THE COURT: Then this goes on to say that you give up any right to bring what's called a collateral attack against your sentence or your conviction. Under federal law, after an appeal is done, right after the time to appeal is over and the defendant hasn't appealed, the defendant would have the right to raise certain constitutional challenges by a collateral attack, which is generally a motion under Section 2255. This says that you understand that, but you are giving up your right to bring any such collateral attack. So first of all, do you understand that?
>
> DEFENDANT BRIDGES: Yes, sir.
>
> THE COURT: And is that what you've decided to do?
>
> DEFENDANT BRIDGES: Yes, sir.

(*Id.*, Dkt. No. 19, at 20-21.) Furthermore, Movant asserted that he was voluntarily pleading guilty:

> THE COURT: Is anybody forcing you to plead guilty?

>   DEFENDANT BRIDGES: No, sir.
>
>   THE COURT: Is your guilty plea the result of any threats or intimidation?
>
>   DEFENDANT BRIDGES: No, sir.
>
>   THE COURT: Are you pleading guilty because you truly believe you're guilty of this crime?
>
>   DEFENDANT BRIDGES: Yes, sir.
>
>   THE COURT: Are you pleading guilty of your own free will?
>
>   DEFENDANT BRIDGES: Yes, sir.

(*Id.* at 25-26.) Movant does not claim anywhere in his § 2255 motion that his plea was unknowing or involuntary. Further, although Movant claims that his counsel was ineffective during sentencing, Movant does not argue that his plea was "the product of ineffective assistance of counsel." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). Therefore, the Court finds that Movant's guilty plea was knowing and voluntary, and that he has waived the right to challenge his sentence through a § 2255 motion.

The files and records in this case conclusively show that Movant is entitled to no relief under § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be denied, and the government's motion to dismiss will be granted.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability,

Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. The Court does not believe that a reasonable jurist would find that Movant's claims are not barred by the waiver in his plea agreement. Accordingly, a certificate of appealability will also be denied.

An order and judgment consistent with this opinion shall be entered.


Dated: June 16, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE